FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2018 MAY -4 PM 12: 15

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**AMY VANTUYL,**

**Plaintiff,**

**v.**

**CASE NO.:** 5:18-CV-214-OC-30PRL

**FOOD MANAGEMENT GROUP, INC., A Foreign Profit Corporation,**

**Defendant.**

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff, AMY VANTUYL ("Ms. Vantuyl" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Orange County, Florida.

4. Plaintiff worked for Defendant in Marion County, Florida, and the venue, therefore, for this case is the Ocala division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. In the alternative, Defendant is estopped from denying it is an employer under the FMLA based upon its written approval of Plaintiff's requested FMLA leave, and its statement to Plaintiff on September 6, 2016, that Plaintiff's "FMLA leave request has been approved."

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

8. Plaintiff worked for Defendant from August 2, 2013, until her termination on November 2, 2016.

9. During her lengthy tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

10. On August 30, 2016, Plaintiff submitted an FMLA Certification and supporting paperwork regarding her need for FMLA leave to give birth to her son.

11. Plaintiff submitted this information to Defendant's designated administrator/agent for the handling of FMLA leave, ADP Total Source.

12. Defendant authorized ADP Total Source to speak on its behalf, and to administer and approve/deny requests for FMLA leave by Defendant's employees.

13. On September 6, 2016, Plaintiff received written notification from ADP Total Source, Defendant's FMLA administrator, that Plaintiff was approved for FMLA leave through January 2, 2017. *See* Exhibits A & B.

14. Based on this, Plaintiff relied, to her detriment, upon Defendant's written approval of her requested FMLA leave, and notified Defendant that she intended to commence her approved FMLA leave on October 10, 2016.

15. Had Plaintiff been notified that she was not FMLA eligible at any time prior to the birth of her son and commencement of her FMLA leave, she would have made alternative arrangements either to return to work earlier, and/or to utilize her PTO and vacation time differently in advance of the birth of her child, so as to protect her employment and return to work after the birth of her child without issue.

16. Plaintiff went into labor prior to October 10, 2016, and gave birth on September 21, 2016, commencing her FMLA leave early.

17. At no time prior to Plaintiff giving birth to her son, was she notified that she was not FMLA eligible.

18. On October 19, 2016, nearly one (1) month into what she believed was FMLA based on Defendant's written approval of same, Plaintiff received a new written notification from Defendant now claiming that Defendant erred in approving her prior FMLA leave, and that Plaintiff was no longer FMLA eligible because Defendant did not employ the requisite number of employees within seventy-five (75) miles of where Plaintiff worked. *See* Exhibit C.

19. Accordingly, Defendant notified Plaintiff that her leave was no longer FMLA protected, and required Plaintiff to advise of a date to return to work, immediately.

20. Faced with this unexpected change in position regarding her FMLA leave, and having planned to return to work as previously permitted by the Defendant at the expiration of twelve (12) weeks of what she was told was FMLA leave, Plaintiff was forced to scramble to return to work as soon as possible and leave her newborn child against her will.

21. Plaintiff consulted with her medical team and notified Defendant accordingly, in writing that she would return to work on or around November 2, 2016.

22. At no time did Defendant notify Plaintiff that this intended return to work date was unacceptable, or that she was in danger of losing her job if she did not return earlier.

23. On October 28, 2016, just days before her anticipated return to work, Plaintiff contacted Defendant's CEO to confirm that she would be returning as scheduled.

24. Defendant's CEO, at that time, notified Plaintiff on the telephone, that her employment was terminated, and that she already had been replaced by a male employee.

25. Had Defendant not previously represented to Plaintiff that she was FMLA eligible, Plaintiff could have planned to return to work earlier, and would not have missed additional time off from work resulting in her termination.

26. Plaintiff suffered damages, including loss of her employment, based upon her detrimental reliance of Defendant's written representation that she was eligible for FMLA leave and her utilization of same.

27. But for Plaintiff's detrimental reliance on Defendant's written representation that she was FMLA eligible, and her utilization of what she believed to be FMLA leave, Plaintiff would not have been terminated by Defendant.

28. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for utilizing what she believed to be proper and authorized FMLA leave.

29. In the alternative, Defendant's written representations, through its administrator/agent designated to handle FMLA leave, estops Defendant from claiming that Plaintiff was not protected by the FMLA based on the legal concept of detrimental reliance/estoppel.

30. Moreover, because Defendant acted with intent to terminate Plaintiff when she should have been FMLA covered, Defendant's actions likewise constitute FMLA retaliation.

31. The timing of Plaintiff's termination, alone demonstrates a causal connection between her termination and requested leave.

32. Defendant fired Plaintiff because of her time away for FMLA protected leave, and/or what Defendant represented to Plaintiff was FMLA protected leave.

33. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA, or what she was told by Defendant's agent was FMLA protected leave.

34. Plaintiff has suffered damages including, but not limited to, lost wages as a result of Defendant's actions.

35. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA, and/or Defendant represented to Plaintiff that she was protected by the FMLA upon which she relied to her detriment.

38. In the alternative, Defendant is estopped from claiming that Plaintiff was not protected by the FMLA based upon its written representations to Plaintiff upon which she relied to her detriment.

39. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff based upon Plaintiff's exercise of her FMLA rights, and firing her when she should have been on FMLA protected leave based on Defendant's written representations upon which she relied to her detriment.

40. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

41. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

42. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 26th day of April 2018.

Respectfully Submitted,

By:**/s NOAH STORCH**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771